## BODOW v. LEVIN.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

COURTS (§ 189*)—MUNICIPAL COURTS—OPENING DEFAULT.

Where, in an action in a Municipal Court, after two judgments were entered against defendant by default and each default was opened, he again defaulted, and his attorney made no excuse for the default, except the failure of defendant to appear, and defendant gave no reason for his failure to appear, the court properly refused to open this last default, as the burden is on the party who defaults to show a substantial and meritorious excuse for the default, or he cannot be relieved of the consequences of his neglect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Morris L. Bodow against Hyman Levin. From an order denying his motion to open a default, defendant appeals. Affirmed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Samuel Dickstein, of New York City, for appellant.

Feltenstein & Rosenstein, of New York City (Abraham Rosenstein, of New York City, of counsel), for respondent.

SEABURY, J. The defendant appeals from an order denying his motion to open his default in consequence of which an inquest was taken against him. The plaintiff sued to recover $87.53 claimed to be due him as commissions for sales made on behalf of the defendant. The defendant made a tender of $23.94. This action has been pending in the Municipal Court since September, 1913. Judgment was entered upon the inquest against the defendant on December 1, 1913.

No substantial excuse is offered by the defendant's attorney for his default, except that his client did not appear upon the day set for trial, and the client gives no reason why he did not appear on that day. Upon two previous occasions judgments were entered against the defendant by default, and these defaults were opened. Under these circumstances, the defendant's present plea that he should be given "his day in court" is not persuasive. He has already been accorded three opportunities to try his case, and has neglected to avail himself of any of them. Defaults are not to be opened as a matter of course. Where a default has been entered, the burden is upon the party who defaulted to show a substantial and meritorious excuse for his default, or he cannot be relieved of the consequences of his neglect. No such excuse is shown in this case, and the court below properly denied the defendant's motion.

The order appealed from is affirmed, with costs. All concur.